In the Matter of ROBERT W. FARRINGTON, Attorney and Counselor at Law.

Fourth Department, March 31, 1922.

**Attorney and client — disbarment — attorney who had been in active practice for upwards of fifteen years disbarred for fraud against clients, attempted fraud against courts, misappropriating clients' money, falsifying court records and altering affidavits.**

An attorney about fifty years of age who had been in active practice for upwards of fifteen years should be disbarred, where, upon the evidence taken at a hearing before an official referee, at which he was given a fair and impartial trial, it has

Fourth Department, March, 1922. [Vol. 200

been found that he has been guilty of fraud against his clients and of attempted fraud against the courts; that he has misappropriated money belonging to his clients; that he has falsified court records and altered affidavits; that he has signed the name of clients to papers without authority and has recorded such papers, taking the acknowledgments thereon before himself as notary public.

DISCIPLINARY proceedings instituted by the Bar Association of Erie county.

*Dana B. Hellings,* for petitioner.

*Robert W. Farrington,* in person.

PER CURIAM:

The respondent is about fifty years of age. He was admitted to the bar of this State in 1905 and since that time has practiced his profession at Buffalo, N. Y. During that period he has had quite a large practice in the courts and considerable experience as an attorney. In the summer of 1920 complaints were made against him to the Bar Association of Erie county. The respondent was notified of the complaints and was given an opportunity to explain. A careful and painstaking examination of the charges was made by the Bar Association. The respondent attended the hearings, witnesses were examined and the respondent was heard in his own behalf. Every opportunity was afforded him to explain the matters upon which the complaints were based. After such hearings the Bar Association filed a petition asking that proceedings be taken to disbar the respondent. He filed an answer and the matter was duly referred to an official referee.

The official referee made and filed a report sustaining certain charges and upon others he found in favor of the respondent. The charges sustained by the referee were proved by convincing evidence. The referee's findings in that respect are fully approved and confirmed. We feel that some of the charges which the referee dismissed as not sustained by the evidence should have been found against the respondent. In that respect the referee's report is not approved and new findings have been made by this court upon those charges.

It would serve no useful purpose to review in detail the charges against the respondent which have been sustained. It is sufficient to say that he has been found to have been guilty of fraud against his clients; that he has been guilty of an attempted fraud against the courts; that he has misappropriated money belonging to his clients; that he has falsified court records and altered affidavits; that he has signed the names of clients to papers without authority and has recorded such papers, taking the acknowledgments thereon before himself as notary public. The findings establish beyond

a doubt the fact that the respondent has been guilty, repeatedly, of grave misconduct as an attorney at law and of breach of professional duty. It cannot be urged in his behalf that he is young and inexperienced, or that he has made a single mistake which should be overlooked. His course of conduct disclosed by the record establishes beyond a question that he is an unfit person to practice the profession of law. He has been given a fair and impartial trial. The Bar Association has conducted the proceeding with great fairness and it is entitled to commendation for its services herein. On the record before us there is only one course which we can adopt and that is to disbar the respondent.

The respondent is disbarred.

All concur, except SEARS, J., not voting.

Report of referee confirmed, in so far as it finds against the respondent, and in so far as it finds in favor of the respondent upon specific charges the report is disapproved and new findings are made by this court and order of disbarment entered. The expenses of the proceeding, to the amount of $768.02, as proved before this court, are approved and allowed.